UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PHILLIP DEWAYNE STEWART, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:21-cv-00007-JAR |
| OFFICER WHITE, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Phillip Dewayne Stewart for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.26. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Attached to plaintiff's motion for leave to proceed in forma pauperis is a certificate from the Arkansas Department of Corrections indicating that plaintiff's average account balance for the last six months was $11.29. (Docket No. 2 at 3). The Court will therefore assess an initial partial filing fee of $2.26, which is 20 percent of plaintiff's average account balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

2

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Ouachita River Correctional Unit in Malvern, Arkansas. He brings this civil action pursuant to 42 U.S.C. § 1983. His complaint names Officer White as the sole defendant. Officer White is sued in both his official and individual capacities. (Docket No. 1 at 2).

In his "Statement of Claim," plaintiff accuses Officer White of violating the Fourth and Fourteenth Amendments by unlawfully arresting him. (Docket No. 1 at 4). According to plaintiff, Officer White arrested him on February 11, 1998, while he was sitting in a car parked in the driveway outside his cousin's house, which is located in the City of Pine Lawn, Missouri.

Plaintiff alleges that Officer White pulled up behind plaintiff in White's patrol car, blocking plaintiff and preventing him from leaving. Officer White exited his vehicle and walked to the driver's side of plaintiff's car, ordering plaintiff out. Plaintiff asserts that Officer White had his gun drawn, and that plaintiff held up both hands to let White know he was unarmed. Using his free hand, Officer White pulled open plaintiff's door, and plaintiff got out. Officer White ordered

3

plaintiff to put his hands on top of the car. Next, Officer White holstered his gun and handcuffed plaintiff's hands behind his back. Officer White escorted plaintiff to the patrol car and placed plaintiff inside. Plaintiff states that Officer White did not read him his *Miranda* rights.

With Officer White in the front seat, plaintiff sat in the patrol car for about five minutes before Officer Johnson arrived. Plaintiff asserts that Officer Johnson "took a statement from the alleged victim." The victim's statement purportedly "agreed with [plaintiff's] witness statement" to the effect that plaintiff had not committed a crime in the City of Pine Lawn. Indeed, plaintiff asserts that the victim's statement did not name the city in which the crime occurred.

Along with the victim's statement, law enforcement also took a "written witness statement" from plaintiff. Afterward, Officer White took him to the City of Pine Lawn Police Department, where he was incarcerated. Plaintiff states that he remained incarcerated from February 11, 1998 to February 13, 1998, at which point he was "released."[1]

As a result of this incident, plaintiff states that he lost his freedom to find employment and to be with his family and friends. He further contends that his "unlawful arrest" caused him to suffer chest pains, shortness of breath, mental anguish, headaches, dizziness, faintness, and body numbness. Plaintiff seeks $20 million in punitive damages and $20 million in compensatory

---

[1] While plaintiff asserts that he was "released," it appears that he was actually transferred to a different jurisdiction. As plaintiff himself provides in the complaint, his arrest resulted in a criminal conviction in *State of Missouri v. Stewart*, No. 2198R-01202-01. The Court also notes that plaintiff brought an earlier action in the Eastern District of Missouri stemming from the same basic facts as appear here. *Stewart v. Caldwell, et al.*, No. 4:20-cv-675-SEP (E.D. Mo. May 18, 2020). In his prior case, plaintiff sued a City of Overland police clerk who "booked [him] into custody without jurisdiction or venue" on February 13, 1998, the same day plaintiff was "released" by the City of Pine Lawn Police Department. Similar to the instant case, plaintiff alleged that he had not committed a crime in Overland, Missouri, and thus was unlawfully arrested and incarcerated there. In point of fact, plaintiff claimed that his arrest was unlawful because it went through three different city court rooms. As in the instant case, plaintiff asked for his conviction in *State of Missouri v. Stewart*, No. 2198R-01202-01 to be voided.

damages. (Docket No. 1 at 5). He also wants his conviction in *State of Missouri v. Stewart*, No. 2198R-01202-01[2] to be "voided and thrown out."

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that Officer White violated his rights under the Fourth and Fourteenth Amendments by unlawfully arresting him. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Statute of Limitations

Even though there is no statute of limitations contained within 42 U.S.C. § 1983, the United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims." *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011). Thus, for cases arising in Missouri, the five-year statute of limitations for personal injury actions found in Mo. Rev. Stat. § 516.120(4) applies to § 1983 actions. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). While the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915 when it is apparent the statute of limitations has expired. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

---

[2] The Court reviewed plaintiff's state criminal case on Case.net, Missouri's online case management system, and takes judicial notice of this public record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). According to Case.net, plaintiff was arraigned on March 12, 1998. On June 25, 1998, he pleaded guilty to one count of felony sexual abuse. He was sentenced that same day to four months incarceration, given credit for time already served, and ordered released from custody. Plaintiff did not file an appeal. There is also no indication that he filed any other postconviction action related to this matter.

5

In Missouri, the statute of limitations for personal injury actions begins when the damage is capable of becoming known, not when the injury is actually discovered. *See Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 580 (Mo. 2006); and *Chem. Workers Basic Union, Local No. 1744 v. Arnold Sav. Bank*, 411 S.W.2d 159, 163-64 (Mo. 1966). Here, plaintiff repeatedly states that his allegedly unlawful arrest took place on February 11, 1998. Obviously, plaintiff was capable of knowing that he had been damaged immediately. As such, the five-year statute of limitations gave him until February 11, 2003 to timely file suit. Plaintiff, however, did not sign his complaint until December 28, 2020, seventeen years and ten months after the limitations period had already expired. Therefore, it is apparent from the face of the complaint that plaintiff's action is untimely and must be dismissed.

**B. Failure to State a Claim**

Even if plaintiff's civil action had been filed in a timely manner, it is still subject to dismissal for failure to state a claim against Officer White in either his official or individual capacities.

i. **Official Capacity Claim**

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and

*Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Officer White is alleged to be employed by the City of Pine Lawn, Missouri. As such, the official capacity claim against him is actually a claim against Pine Lawn itself, his employer.

A local governing body such as the City of Pine Lawn can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of Pine Lawn.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is

asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging

8

a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has failed to demonstrate that his constitutional rights were violated due to a City of Pine Lawn policy or custom, or that Pine Lawn was deliberately indifferent in failing to train or supervise their employees.

First, plaintiff has failed to present facts supporting the proposition that the City of Pine Lawn has an unconstitutional policy. Nothing in the complaint indicates even the existence of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as being at issue in this case. Furthermore, plaintiff has not shown that his rights were violated due to "a deliberate choice of a guiding principle or procedure made by the [City of Pine Lawn] official who has final authority regarding such matters." Instead, plaintiff's facts, such as they are, concern a single occurrence in which he was allegedly arrested in violation of the constitution. The Court cannot infer the existence of an unconstitutional policy from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Second, plaintiff has not established a claim of liability based on an unconstitutional custom. That is, he has not demonstrated "a continuing, widespread, persistent pattern of unconstitutional misconduct," much less that City of Pine Lawn policymaking officials were

deliberately indifferent to or tacitly authorized such misconduct. Rather than a pattern, plaintiff's facts involve a single occurrence wherein he was allegedly arrested in violation of the constitution.

Similarly, plaintiff has not sufficiently alleged a deliberately indifferent failure to train or supervise, because he has not shown that the City of Pine Lawn "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Such notice is usually shown by allegations of a "pattern of similar constitutional violations by untrained employees." As noted above, however, plaintiff's facts do not support the existence of any sort of pattern.

For the reasons discussed above, plaintiff has failed to allege a municipal liability claim against the City of Pine Lawn. Therefore, his official capacity claim against Officer White must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### ii. Individual Capacity Claim

Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged

deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff's claim concerns an allegedly unlawful arrest in violation of the Fourth and Fourteenth Amendments. "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). However, a false arrest claim under 42 U.S.C. § 1983 "fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Probable cause exists where there are facts and circumstances within a law enforcement officer's knowledge that are sufficient to lead a person of reasonable caution to believe that a suspect has committed or is committing a crime. *Galarnyk v. Fraser*, 687 F.3d 1070, 1074 (8th Cir. 2012). *See Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011) ("An officer has probable cause to make a warrantless arrest when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense").

Probable cause can still exist even when an officer mistakenly arrests a suspect, as long as the mistake is objectively reasonable. *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008). Similarly, the fact that a suspect arrested by law enforcement is later found innocent is not material. *Linn v. Garcia*, 531 F.2d 855, 861 (8th Cir. 1976). Nonetheless, the substantial latitude given to law enforcement officers is "not without limits," and an officer "is not free to disregard plainly exculpatory evidence." *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999). Furthermore, "probable cause does not exist when a minimal further investigation would have exonerated the suspect." *Id.*

In this case, plaintiff has failed to establish a causal connection between an action taken by Officer White, and the deprivation of plaintiff's constitutional rights. At no point does plaintiff

11

assert that Officer White did not have a warrant. He also does not contend – and his facts do not prove – that Officer White lacked probable cause to arrest him. That is, plaintiff does not claim that there was no evidence he committed a crime, or that Officer White disregarded exculpatory evidence, or that White failed to undertake a minimal investigation that would have exculpated him. Rather than a lack of evidence, plaintiff acknowledges that Officer White was acting on a statement made by plaintiff's victim.

Plaintiff's main contention appears to be with regard to the location at which the crime occurred. Specifically, plaintiff asserts that the victim did not name the city wherein the crime took place. As such, he argues that he did not commit a crime in the City of Pine Lawn, and should not have been arrested by a Pine Lawn police officer. Accepting this fact as true, plaintiff has still not demonstrated that Officer White lacked any facts and circumstances to reasonably believe that plaintiff committed a crime. Probable cause is not defeated simply by showing that Officer White might have been mistaken, unless that mistake was unreasonable. Plaintiff's facts do not support the proposition that Officer White acted unreasonably. Because plaintiff has not sufficiently alleged that Officer White lacked probable cause, plaintiff cannot show that White was personally responsible for violating the constitution by arresting him. Therefore, the individual capacity claim against Officer White must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $2.26 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22ND day of June, 2021.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE